WHARTON LEVIN EHRMANTRAUT & KLEIN

A PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW
104 WEST STREET
P. O. BOX 551
ANNAPOLIS, MARYLAND 21404-0551
(410) 263-5900

JACK L. HARVEY

OUTSIDE MARYLAND
800-322-1984
FACSIMILE
(410) 263-1562
E-MAIL
JLH@WLEKN.COM



August 8, 2002

**VIA FACSIMILE (410-962-2698) and FIRST CLASS MAIL**

The Honorable J. Frederick Motz
United States District Judge
United States District Court for the District of Maryland
Garmantz Federal Courthouse
101 W. Lombard Street

    Re: ***Esposito v. Quickie Wheelchair, et al.***
        Case number: JFM 02 CV 589

Dear Judge Motz:

    I represent the Defendant Sunrise Medical in this product liability action brought by Plaintiff Joseph Esposito. Diane Littlepage represents the Plaintiff. This letter addresses Plaintiff's Motion to Extend Time for Plaintiff to Provide Rule 26(a)(2) Disclosure of Expert Testimony and Identification of Rebuttal Witnesses, which was filed on August 6, 2002.

    I have spoken to Ms. Littlepage, and we have agreed to a resolution of the Motion. Hopefully, that agreement will obviate the need for a formal response to the Motion or a ruling by the Court as to the Motion. Sunrise Medical does not oppose Mr. Esposito's request for additional time for expert disclosures as long as it is afforded a corresponding extension of time for its expert disclosures. Accordingly, the parties have agreed upon the following proposed modification of the Scheduling Order in this case:

1. Plaintiff's Rule 26(a)(2) expert disclosures would be due September 13, 2002.
2. Defendant's Rule 26(a)(2) expert disclosures would be due October 21, 2002.
3. Plaintiff's rebuttal Rule 26(a)(2) expert disclosures would be due October 28, 2002.
4. Rule 26(e)(2) supplementation of disclosures and responses would be due November 8, 2002.

SUITE 800-400 EAST PRATT STREET-BALTIMORE, MARYLAND 21202

The Honorable J. Frederick Motz
August 8, 2002
Page Two

At this point, the parties do not propose any other changes to the existing pre-trial schedule. However, in light of the proposed extension of the expert disclosure and supplementation deadlines, and depending upon the extent and nature of the expert disclosures, the parties may ultimately need a brief extension of the discovery deadline and date for submission of the status report, which currently is set at November 14, 2002.

Plaintiff's Motion to Extend is premised upon the delay of production of certain confidential engineering information regarding the wheelchair model at issue in this case. Plaintiff seeks those documents for expert review prior to making a Rule 26(a)(2) disclosure. The delay has been occasioned by my client's request that these engineering files be subject to a confidentiality agreement and by the drafting, submission and agreement as to that confidentiality agreement. On August 7, 2002, I received an executed Stipulation and Order Protecting Confidentiality of Information as executed by Plaintiff, and will be submitting that to the Court. I have promised Ms. Littlepage that the documents to be subject to that Stipulation and Order will be produced to her on or before Wednesday, August 14, 2002. Given the delay in the production of those documents and the fact that Plaintiff's Rule 26(a)(2) disclosures are due on August 9, Sunrise Medical does not oppose Plaintiff's Motion and proposes instead the above-referenced changes in the pre-trial schedule.

Accordingly, for the reasons set forth above, the parties seek this Court's approval of the modification of Rule 26(a)(2) disclosure deadlines as set forth above. I appreciate the Court's consideration of this matter.

           Very truly yours,

           Jack L. Harvey

JLH:lss
cc: Diane Littlepage, Esq.

ODMA\GRPWISE\ANNAPOLIS.ANNA_W.EKNLIB:86253.1